IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No.: 1:06cr13-WKW |
| ) | |
| ROBERT ARTHUR GOOSBY   ) | |

**MOTION TO REQUIRE
PAYMENT OF TRANSPORTATION COSTS
AND SUPPORTING CITATIONS OF AUTHORITY**

**NOW COMES** the Defendant, Robert Arthur Goosby, by and through the undersigned counsel, Jennifer A. Hart, and respectfully moves this Court to require payment of the Defendant's transportation costs and expenses from the Defendant's home in Los Angeles, California to Montgomery, Alabama for his required appearance to enter a guilty plea at a hearing scheduled for January 2, 2007 at 3:00 p.m. and for any future sentencing hearing.  In support of this Motion, the Defendant would show:

1. This Court has previously found that Robert Goosby is indigent and is entitled to appointed counsel.  While Mr. Goosby was employed as a truck driver at the time of his initial appearance, he recently became unemployed when his commercial drivers license was temporarily suspended.

2. Mr. Goosby is scheduled to go to trial on January 8, 2006, but today he notified the Court of his intention to enter into a plea agreement with the Government.

3. During plea negotiations, Mr. Goosby was able to obtain enough funds to travel to Montgomery, Alabama from friends and family to enable him to travel, by bus, to Alabama, to meet

with counsel. However, Mr. Goosby, whose father recently passed away, does not have the financial resources at this time to return to Alabama for the change of plea hearing scheduled for January 2, 2007.

4. The cost of a round-trip bus ticket between Los Angeles and Montgomery is approximately $200.

5. This motion is supported by the authority of 18 U.S.C. §§ 3145 and 4285 and the following case law:

a. 18 U.S.C. § 3145 sets out the "functions and powers relating to pre-trial services" and states that such services shall include the duties to: (7) Assist persons released under this chapter in securing any necessary employment, medical, legal or social services;" "(4) Operate or contract for the operation of appropriate facilities for the custody or care of persons released under this chapter including residential halfway houses, addict and alcoholic treatment centers, and counseling services;" and "(11) Make contracts, to such extent and in such amounts as are provided in appropriation Acts, for the carrying out of any pretrial services functions."

This Act has been interpreted to mean that "the act requires the [Pretrial Services] Agency to provide food and shelter for persons in defendants' position [requiring residence away from their homes during trial] who can establish genuine need." United States v. Gundersen, 978 F.2d 580, 584 (10th Cir. 1992). Such provisions may be in the form of offering a choice of the food and shelter available "through residency in a government-managed facility" such as a halfway house. Id. Thus, this Act permits this Court to order the pretrial services office to provide food and shelter expenses and expenses which facilitate the provision of legal services.

b. 18 U.S.C. § 4285 concerns "persons released pending further judicial proceedings" and permits any judge or magistrate of the United States to "direct the United States

marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required" and "to furnish that person with an amount of money for subsistence expenses to his destination." To issue such order, the Court must be satisfied that "the interests of justice would be served thereby" and that "the defendant is financially unable to provide the necessary transportation to appear before the required court on his own."

This statute has been interpreted to permit payment for one-way of a round-trip and for the subsistence expenses incurred during the trip. United States v. Gundersen, 978 F.2d 580, 584 (10th Cir. 1992); United States v. Sandoval, 812 F.Supp. 1156, 1158 (D. Kansas 1993) (motion for transportation and subsistence expenses granted in part and denied in part; held - § 4285 did not authorize the court to require the U.S. Marshal to provide money for subsistence upon reaching travel destination, but indigent defendant could contact the Pretrial Services office for subsistence arrangements)[1]; United States v. Nave, 733 F.Supp. 1002 (D. Md. 1990) (motion for funds to be provided by U.S. Marshal for lodging during trial denied; held - no authority under § 4285 for such funds, but indigent defendant may "make arrangements through the Pre-Trial Services Agency for lodging in some appropriate facility, such as a half-way house."); United States v. Gonzales, 684 F.Supp. 838, 841 (D. Vt. 1988) (motion for transportation funds to enter guilty plea granted; held -

---

[1] In Sandoval, the district court, "having consulted with Pretrial Services . . . concludes that funds are not available to pay for lodging at the Ramada Inn or any other commercial hotel or motel." 812 F.Supp. at 1158. The opinion does not cite what information led to that conclusion and does not cite or discuss any of the pretrial services agency's statutory obligations, under 18 U.S.C. § 3154 or any other statute. Thus, the opinion does not state any basis for its conclusion that the defendant's choice for lodging was between the "Topeka Rescue Mission" or "her own arrangements." It may be that the Topeka pretrial services office contracts with that mission for halfway house lodging. In any event, 18 U.S.C. § 3154(7) and related provisions clearly require the pretrial services agency to be obligated for financial assistance in facilitating legal services.

"Section 4285 serves as a complement to the Bail Reform Act, facilitating 'equal protection of the law by providing that a defendant be released from custody when he is so entitled under the Bail Reform Act of 1966, as amended, without regard to his financial position'" but the section does not authorize requiring the Marshal to pay for a return trip to defendant's home after court).

However, courts have also held that the limitations on the reimbursement permitted under 18 U.S.C. § 4285 do not completely prohibit the Court from authorizing all travel related expenses for an indigent defendant. Thus, in United States v. Badalamenti, 1986 WL 8309 (S.D. N.Y. 1986), although the district court held that § 4285 provides only for reimbursement by the Marshal of one-way transportation and subsistence during the trip, the court granted the indigent defendants' motion for subsistence expenses during trial. The court held that "it is not consistent with fundamental fairness or due process that an accused defendant, regardless of the crime, be driven to ruin by the expense of attending trial at a place far from his home, nor that he be required to take refuge in jail because of an inability to meet the expense of attending trial" and required the government to provide the defendants with subsistence costs for the remainder of the trial (which then exceeded ten months).

In United States v. James, 762 F.Supp. 1, 2 (D. D.C., 1991), the district court denied the defendant's motion for travel expenses from the location of the court in Washington, D.C. to the defendant's home in Massachusetts, because § 4285 does not authorize the court to direct the Marshal to pay for the defendant's return home. However, the court also stated that this holding did not mean "that the Court may never provide round trip transportation." The district court quoted the portion of the legislative history which states that "usually only travel expenses to appear before the court would be provided" and alluded to the possibility that exceptional circumstances could exist which would justify such expenses. 762 F.Supp. at 2.

The resolution of the case depends upon the Defendant's ability to appear before the Court to enter a guilty plea to certain counts of the Indictment pending against him or, alternatively, to appear for trial. Mr. Goosby has advised the Court he wishes to enter a guilty plea. However, Mr. Goosby will not be able to make the required court appearances without assistance. For the foregoing reasons, and based on the previously-cited authority, defendant respectfully requests that this Motion be granted.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent Brunson, Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

        Respectfully submitted,

        s/Jennifer A. Hart
        **JENNIFER A. HART**
        FEDERAL DEFENDERS
        MIDDLE DISTRICT OF ALABAMA
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        jennifer_hart@fd.org
        AL Bar Code: HAR189