IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR NO. 1:06-cr-13-WKW |
| ) | |
| ROBERT ARTHUR GOOSBY ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:        JENNIFER A. HART

ASSISTANT U.S. ATTORNEY:     KENT B. BRUNSON

**COUNT AND STATUTES CHARGED:**

Count One            18 U.S.C. § 659

Count Two            18 U.S.C. § 2314

Count Three          18 U.S.C. § 2117

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count One            18 U.S.C. § 659

Count Two            18 U.S.C. § 2314

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count One            18 U.S.C. § 659
    Sentence of not more than $250,000 and a term of imprisonment of not more than 10 years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 3 years.

Count Two            18 U.S.C. § 2314
    Sentence of not more than $250,000 and a term of imprisonment of not more than 10 years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 3 years.

**ELEMENTS OF THE OFFENSE:**

Count One   18 U.S.C. § 659:

    First:        The defendant steals something from a vehicle;
    Second:     The property stolen is part of interstate commerce

Count Two   18 U.S.C. § 2314:

    First:        The defendant transports stolen goods in interstate commerce;
    Second:     The defendant knows the goods are stolen.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Kent B. Brunson, Assistant United States Attorney, and Jennifer A. Hart, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Count One and Two of the indictment, the attorney for the government will do the following:

    a. The Government will move to dismiss Count Three of the Indictment at Sentencing.

    b. The government will recommend a sentence at the low end of the appropriate advisory guideline range.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information

concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3.    The defendant agrees to the following:

    a.    To plead guilty to Count One and Two of the Indictment.

## FACTUAL BASIS

    b.    The defendant understands the nature of the charge to which the plea is offered involves proof that on or about the 28th day of May, 2004, in Houston County, in the Middle District of Alabama, and elsewhere, the defendant,

ROBERT ARTHUR GOOSBY,

unlawfully, willfully and knowingly, and with intent to convert to his own use, did embezzle, steal, take and carry away from the Alabama Motor Express Company (AMX) transfer lot, goods and chattels of a value in excess of $1000, that is, a trailer loaded with approximately $103,000.00 in Michelin Tires, which were moving as, were a part of, and constituted an interstate shipment of freight and express from AMX in Dothan, Alabama, to Michelin North America, Inc., Houston, Texas, in violation of Title 18, United States Code, Section 659.

On or about the 28th day of May, 2004, in Houston County, in the Middle District of Alabama, and elsewhere, the defendant,

ROBERT ARTHUR GOOSBY,

did unlawfully transport in interstate commerce from Ashford, Alabama, to Atlanta, Georgia, stolen goods, wares and merchandise, that is, a trailer loaded with Michelin Tires, of the value of $5,000.00 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314.

## **DEFENDANTS' UNDERSTANDING AND ACKNOWLEDGMENT**

4. The defendant, before entering a plea of guilty to Count One and Two of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $200.00 assessment is to be paid by the defendant on the date of sentencing.

    c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the

presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

       f.      Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

       g.      The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

       h.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

       i.      The Defendant is satisfied that defense counsel has been competent and

effective in representing defendant.

  5. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

  This 1st day of February, 2007.

          Respectfully submitted,

          LEURA GARRETT CANARY
          UNITED STATES ATTORNEY

          Louis V. Frankiln, Sr.
          Chief, Criminal Section
          Post Office Box 197
          Montgomery, Alabama 36101
          (334)223-7280

          Kent B. Brunson
          Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JENNIFER A. HART.

_____
Robert Arthur Goosby
Defendant

2-1-07
_____
Date


_____
Jennifer A. Hart
Attorney for the Defendant

2-1-07
_____
Date